UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:11-CR-00094-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| ALBERT THOMAS WENDFELDT, ) | |
| ) | |
| Defendant. ) | |

Before the court is plaintiff United States of America's ("government") Motion to Correct Sentence (#25[1]). Defendant Albert T. Wendfeldt ("Wendfeldt") filed an opposition (#27) to which the government replied (#28).

## I. Facts and Procedural History

On July 11, 2011, a Nevada Highway Patrol ("NHP") trooper pulled over defendant Wendfeldt for crossing the fog line multiple times within a one mile stretch of highway. In the course of the traffic stop, the trooper, based on his training, suspected that Wendfeldt was engaging in drug trafficking and opted for further investigation. Around this point, a narcotics dog alerted the trooper to the probability of narcotics inside Wendfeldt's vehicle. A subsequent search revealed a box containing large quantities of drugs (primarily methamphetamine), a scale, and small plastic bags. Additionally, the NHP trooper noted that Wendfeldt's vehicle had a "lived-in"

---

[1] Refers to the court's docket entry number.

appearance, as the trooper discovered several locked guns, $2,890 in cash locked in a separate box from where the drugs were found, and a large number of Wendfeldt's possessions, including cameras, computers, and artwork.

Wendfeldt was arrested at the stop and was indicted on August 10, 2011, on one count of Possession with Intent to Distribute a Controlled Substance. The indictment included a forfeiture provision in accordance with Rule 32.2, Fed.R.Crim.P., that Wendfeldt, if convicted, "shall forfeit to the United States any property constituting, or derived from, any proceeds that the defendant obtained directly or indirectly as a result of the offenses, pursuant to 21 U.S.C. § 853(a)(1)." As part of Wendfeldt's non-binding plea agreement, Wendfeldt agreed to forfeit the $2,890 that was found in his vehicle.

At sentencing, without objection by the government, the court ruled that Wendfeldt was not required to forfeit the money that was found in his vehicle. However, the government now moves to correct the sentence of Wendfeldt pursuant to Rule 35, Fed.R.Crim.P., to include the requirement that Wendfeldt forfeit the $2,890 found in his vehicle.

## II.  Discussion

A court may correct a sentence within 14 days after sentencing in order to "correct a sentence that resulted from arithmetic, technical, or other clear error." Fed.R.Crim.P. 35(a).

The government moves to correct Wendfeldt's sentence pursuant to *United States v. Newman*, 659 F.3d 1235, 1238 (9th Cir. 2011), cert. denied, 132 S. Ct. 1817 (2012), to require Wendfeldt to forfeit the money discovered in his vehicle. The government argues that because Wendfeldt agreed to forfeit the money in his plea agreement, he is required to do so. The court does not agree.

A person convicted of violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) shall forfeit "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation," and "any of the person's property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(1) and (2). If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. Fed.R.Crim.P. 32.2(b)(1)(A). The court's determination may be based on evidence in the record, including any written plea agreement. Fed.R.Crim.P. 32.2(b)(1)(B). Further, the government generally need not produce evidence showing that a forfeiture amount stipulated in a plea agreement is proper. *Newman*, 659 F.3d at 1245. However, the Supreme Court has recognized an exception in situations like these stating: "We do not mean to suggest that a district court must simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting the forfeiture, or when the trial judge for other reasons finds the agreement problematic." *Libretti v. United States*, 516 U.S. 29, 43 (1995). In *United States v. Tedesco,* the companion case within *Newman*, the court explained that if the court has reason to believe that the proposed forfeiture of proceeds exceeds the amount authorized by statute, the court may inquire into the factual basis for the proceeds. *Newman*, 659 F.3d at 1245.

In *Newman*, the amount of money forfeited was the total amount taken during a bank robbery. Thus, it was easy to identify the proceeds of the crime, and the exact amount of those proceeds. By contrast, in *Tedesco*, the determination of a forfeiture amount was not so clear. There, the government appealed after the district court required Tedesco to forfeit $100, even though the plea agreement called for $1,000,000. The Ninth Circuit ruled that because the agreement of forfeiture was not accompanied by facts supporting the forfeiture amount, it was up the district court to review evidence in order to determine the correct amount of proceeds of Tedesco's crime. Thus, the court's findings in *Tedesco* fall into the exception carved out by *Libretti,* which requires that evidence support the proposed forfeiture.

Here, like *Tedesco*, the record does not support the forfeiture amount in the plea agreement, falling into the exception under *Libretti.* At sentencing, without objection by the government, the

3

court ruled that Wendfeldt was not required to forfeit the $2,890 seized during his arrest. The record describes a man of substance who had fallen on hard times, became dependent on drugs, and intended to deliver all of his possessions to family members in Washington with the goal of committing suicide thereafter. (*See* Doc. #22, p. 3.) The NHP trooper noted that Wendfeldt's vehicle had a "lived-in" appearance and was full of many different items. Those items included computers, cameras, artwork, guns, and money that was found in a locked box separate from the box where the drugs were found. The court finds that the money seized was not sufficiently linked to the crime charged, but rather just part of Wendfeldt's possessions that he intended to give away upon meeting family members in Washington. Furthermore, the government failed to object to the court's ruling or produce evidence to rebut the court's finding. Because the court's ruling was intended and supported by the evidence before the court, the government's motion to correct an error in Wendfeldt's sentence is therefore denied. There was no error.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Correct Sentence (#25) is DENIED.

IT IS FURTHER ORDERED that the Government and the Nevada Highway Patrol are hereby ordered to return Defendant Wendfeldt's cash in the amount of two thousand eight hundred ninety dollars ($2,890.00) to him within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

DATED this 6th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE